UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RUDOLPH PARRISH                                                         PLAINTIFF

v.                                               CIVIL ACTION NO. 3:10-CV-136-S

UNIVERSITY OF LOUISVILLE, et al.                             DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on defendants' motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) (DN 4) and plaintiff's motion to remand this case to state court (DN 5). For the reasons set forth herein, plaintiff's motion to remand will be **DENIED**. Defendants' motion to dismiss will be **GRANTED** with respect to plaintiff's federal claims and **DENIED** with respect to plaintiff's state claims; the remaining state claims will be **REMANDED** to Jefferson County, Kentucky, Circuit Court.

### BACKGROUND

This case arises out of the removal of plaintiff Rudolph Parrish ("Parrish") from his position as Chair of the Department of Biostatistics and Bioinformatics in the School of Public Health and Information Sciences at the University of Louisville. In June 2008, following a series of conflicts between Parrish and his superiors over his pay and the structure of the Biostatistics-Decision Science Ph.D. program, the dean of the School of Public Health and Information Sciences informed Parrish that he was terminated from his position of Department Chair. Parrish claims that the dean did not have the requisite authority to remove him. In July 2008, the

University of Louisville Board of Trustees, on recommendation from the University President, also took action to remove Parrish as Department Chair, effective retroactively to June 13, 2008.

Parrish filed this action in Jefferson County, Kentucky, Circuit Court on February 5, 2010, bringing federal claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) for violations of his due process rights under the Fourteenth Amendment and raising state law claims for violation of his rights under § 2 of the Kentucky Constitution, breach of contract, breach of the implied covenant of good faith and fair dealing, defamation, and civil conspiracy. The defendants removed the case to this court. The defendants have now moved to dismiss Parrish's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and Parrish has moved to remand this case to state court.

**ANALYSIS**

*1. Plaintiff's Motion to Remand*

Because it presents a challenge to the jurisdictional competence of this court, we will first consider Parrish's motion to remand this action to state court.

Parrish argues that this action should have never been removed from state court because only two of the counts in his complaint – the alleged due process violations – are grounded in federal law and because those claims could have also been heard in state court. Parrish claims that because federal and state courts exercise concurrent jurisdiction over his claims, there is no "substantial" question of federal law that would allow this court to exercise federal question jurisdiction over this case. Parrish also alleges that because the actions that allegedly violated his federal due process rights would have also violated his rights under the Kentucky Constitution, this court has no jurisdiction over this action.

Parrish's arguments for remand are unfounded. It is true that state and federal courts share jurisdiction over some federal statutory civil rights claims, including § 1983 actions. *See Scott v. Campbell Co. Bd. of Educ.*, 618 S.W.2d 589, 590 (Ky. App. 1981). However, the existence of concurrent jurisdiction for a federal civil rights action does not preclude removal. *Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir. 1988).

Furthermore, the fact that a given action might have violated both state and federal law does not bar the exercise of federal jurisdiction. In support of his argument on this point, Parrish cites to *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754 (6th Cir. 2000), which is inapplicable to this case. *Long* presented the case of a plaintiff who had not actually raised any federal claims in his complaint; his sole claim was a state-law action for wrongful discharge in violation of public policy. *Id.* at 759. Although the *Long* plaintiff cited federal statutes as evidence of the public policy that had allegedly been violated, the Sixth Circuit held that this was not a sufficiently "substantial" federal question to warrant federal jurisdiction. *Id.* at 761.

Unlike the plaintiff in *Long*, Parrish clearly alleges violations of the Fourteenth Amendment to the United States Constitution and raises claims pursuant to two federal civil rights statutes. He does not merely cite to federal law in passing or use it to bolster an overriding state law claim. From the face of Parrish's complaint, it is evident that two of his claims arise under the United States Constitution and federal law and therefore satisfy this court's jurisdictional requirements. Removal was proper in this action, and Parrish's motion to remand to state court will be denied.

2. *Defendants' Motion to Dismiss*

We now review defendants' motion to dismiss. "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept

all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999). The motion must be denied "'unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989) (quoting *Nishiyama v. Dickson Cnty.*, 814 F.2d 277, 279 (6th Cir. 1987)). The party moving for dismissal bears the burden of showing that the other party has failed to state a claim upon which relief can be granted. *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991).

Parrish's federal claims in this matter rest solely on the application of 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). The statute of limitations for actions brought pursuant to these statutes is one year. *Bowden v. City of Franklin*, 13 Fed. App'x 266, 272 (6th Cir. 2001) (unpublished); *see also Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). In general, the statute of limitations on a civil rights claim begins to run when "the plaintiff knows or has reason to know of the injury that is the basis of his action." *Bowden*, 13 Fed. App'x at 273 (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)).

The defendants argue that Parrish's claim accrued on or about June 13, 2008, when Parrish's dean notified him that he was being removed as Department Chair; therefore, Parrish's federal claims are barred by the one-year statute of limitations. Parrish argues that his claim accrued at the earliest on June 11, 2009 – the date that the University Board of Trustees, in response to Parrish's grievance, affirmed Parrish's removal. Parrish argues that he was not actually "removed" by his supervisor's letter because only the Board of Trustees, acting on the recommendation of the University President, may remove Department Chairs.

However, Parrish's complaint asserts that the Board of Trustees, acting on the recommendation of the University President, actually did remove him on or about July 10, 2008, with his removal effective retroactively to June 13, 2008. Pl.'s Compl. ¶¶ 45–46. Whether we accept as the date of injury the retroactive date of Parrish's removal or the actual date of the Board's action, it is apparent from Parrish's complaint that the latest point for his actual removal – and thus the injury that creates the basis for his claim – came sometime in July 2008. It is also apparent from the face of the complaint that Parrish was aware of the injury, because, among other things, he asserts that he filed an administrative grievance relating to his removal. Pl.'s Compl. ¶ 53.

Parrish's argument that the statute of limitations did not begin to run until the conclusion of the grievance process is unavailing. That Parrish chose to challenge the Board of Trustees' decision through an administrative grievance does not change the fact that he was injured as soon as the University made its decision to remove him. *See Delaware State College v. Ricks*, 449 U.S. 250, 261 (1980) ("[E]ntertaining a grievance . . . does not suggest that the earlier decision was in any respect tentative. The grievance procedure, by its nature, is a remedy for a prior decision, not an opportunity to influence that decision before it is made.") Furthermore, Parrish was not required to exhaust his administrative remedies within the university before bringing his civil rights claims, *see Porter v. Nussle*, 534 U.S. 516, 523 (2002), and the pendency of Parrish's grievance did not toll the statute of limitations. *Ricks*, 449 U.S. at 261.

Because Parrish was injured, at the latest, in July 2008 and failed to bring this action within a year of that time, his claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) are barred by the statute of limitations. Therefore, they must be dismissed.

A federal district court has the discretion to decline to exercise its supplemental jurisdiction over state-law claims when all federal claims in a matter have been dismissed. 28 U.S.C. § 1367(c)(3). We will exercise such discretion here. Because Parrish's federal claims will be dismissed, his state-law claims will be remanded to state court.

A separate order will issue in accordance with this opinion.